Argued July 12; affirmed December 6, 1967

O'BRIEN, *Appellant, v.* MARYLAND CASUALTY
COMPANY, *Respondent.*

434 P. 2d 469

*James B. Griswold,* Portland, argued the cause for
appellant. With him on the briefs were Green,
Richardson, Griswold & Murphy, and Martin Schedler,
Portland.

*James F. Spiekerman,* Portland, argued the cause
for respondent. With him on the brief were Mautz,

Souther, Spaulding, Kinsey & Williamson, and James H. Bruce, Portland.

Before PERRY, Chief Justice, and McALLISTER, O'CONNELL, DENECKE and HOLMAN, Justices.

## McALLISTER, J.

The plaintiff appeals from a decree holding that she was not entitled to any benefits under an insurance policy issued by defendant to her deceased husband's employer.

Plaintiff's husband, Thomas R. O'Brien, was employed by the New York Merchandise Company as a warehouseman, and on October 14, 1963, sustained an injury arising out of and in the course of his employment.

The employer was engaged in a hazardous occupation, but had rejected the workmen's compensation law.[1] When O'Brien was injured there was in effect a workmen's compensation and employers liability insurance policy issued by defendant to O'Brien's employer. The policy covered the employer's legal liability to its employees for injuries arising out of and in the course of their employment. The policy also contained a voluntary compensation endorsement[2]

---

[1] ORS 656.022 as effective October 14, 1963.

[2] "COVERAGE C—VOLUNTARY COMPENSATION To pay on behalf of the insured, if any employee within a group of employees hereinafter described shall sustain injury, including death resulting therefrom, while employed by the insured in operations in a state specified opposite the description of such group of employees, under circumstances which would have rendered the insured liable for compensation if the injured employee and the insured had been subject to the workmen's compensation law hereinafter designated with respect to such employment, an amount equal to the compensation and other benefits which would have been payable under such law had the injured employee and the insured been subject to such law with respect to such employment."

obligating the company, under certain conditions, to pay to an injured workman the equivalent of the benefits he would have received if he and the employer had been subject to the workmen's compensation law. The voluntary compensation endorsement provided that if any proceeding was commenced to recover damages from the employer on account of the injury, the liability of the company under the voluntary compensation endorsement would terminate.[9]

After O'Brien was injured the defendant paid him the equivalent of workmen's compensation benefits until the early part of 1965. On April 22, 1965, O'Brien filed in the circuit court for Multnomah county an action against his employer to recover damages on account of the injury resulting from the accident of October 14, 1963. O'Brien died on May 2, 1965, while the action was still pending.

The trial court found that the filing of the damage action by O'Brien was an election between his right to receive the equivalent of workmen's compensation benefits and his right to sue his employer for damages, and that the filing of the action terminated the liability of defendant under the voluntary compensation endorsement. We agree and affirm the decree of the trial court.

It is only necessary to add that we find no ambiguity in the policy as contended by plaintiff, and no element of waiver or estoppel in the conduct of

---

[9] "5. If any person entitled to payment under coverage C shall refuse to accept such payment and to comply with the terms and conditions set forth above or if any person shall commence any proceedings at law, in equity or in admiralty, except for such payment, seeking damages from the insured or the company on account of such injury, the company's liability under coverage C with respect to such injury is thereupon terminated."

defendant. We further find that the election made by O'Brien to sue his employer terminated defendant's liability under the voluntary compensation endorsement.

The decree of the circuit court is affirmed.